IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY T. JACKSON,

    Plaintiff,

v.

AMANDA KING, et al.,

    Defendants.

Case No. 15-3183-DDC-DJW

## NOTICE AND ORDER TO SHOW CAUSE

**To plaintiff:**

Plaintiff never has filed his Amended Complaint, as the court has directed him to do more than once. On February 1, 2017, the court granted plaintiff's Motion for Leave to File an Amended Complaint. Doc. 17. And, the court ordered plaintiff to file his Amended Complaint on or before February 17, 2017. *Id.* On May 30, 2017, Judge David J. Waxse held a scheduling conference with the parties. He observed that plaintiff never filed his Amended Complaint as the court had directed him to do back in February. Judge Waxse advised the parties that he would issue an order ruling plaintiff's pending Motion to Appoint Counsel, and in that Order, he would establish a deadline for plaintiff to file his Amended Complaint. On July 12, 2017, Judge Waxse denied plaintiff's Motion to Appoint Counsel without prejudice and ordered plaintiff to file his Amended Complaint within 14 days of the Order. Doc. 24. The time for plaintiff to file his Amended Complaint has passed, and plaintiff still has not filed the Amended Complaint as the court has directed him to do on two occasions.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to

comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (first citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); then citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Id.* at 771–72 (citations omitted).

Because plaintiff never has complied with the court's orders to file his Amended Complaint, the court orders plaintiff to show cause in writing, on or before **September 8, 2017**, why the court should not dismiss his case without prejudice under Rule 41 for failing to comply with court orders.

**IT IS THEREFORE ORDERED THAT** plaintiff is required to show good cause in writing, **on or before September 8, 2017**, why the court should not dismiss this action under Rule 41 for failing to comply with court orders.

**IT IS SO ORDERED.**

**Dated this 16th day of August, 2017, at Topeka, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**