IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-3183-DDC |
| | ) |
| AMANDA KING and | ) |
| KEVIN EDWARDS, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Defendants have filed a motion to stay discovery (ECF No. 38) pending a ruling on their motion for summary judgment (ECF No. 35). On January 16, 2018, the court entered an order (ECF No. 43) extending plaintiff's deadline for responding to the motion to stay until January 30, 2018. Plaintiff has not filed a response to the motion to stay discovery. The motion is granted.

D. Kan. Rule 7.4 provides that if a response to a motion is not timely filed, "the court will consider and decide the motion as an uncontested motion," and will ordinarily "grant the motion without further notice." Although the court could grant the motion to stay solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending,[1] but the court has recognized several exceptions to this policy. For example, a stay of discovery may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[2] The decision whether to stay discovery rests in the sound discretion of the court,[3] and as a practical matter, this calls for a case-by-case determination.[4]

Upon review of the instant motion and the pending dispositive motion, the court concurs with defendants that a stay of discovery is warranted until the court rules the pending dispositive motion. Defendants claim they're entitled to summary judgment in their favor because plaintiff failed to exhaust mandatory administrative remedies. Defendants' motion for summary judgment, if granted, would dispose of the entire case. The court finds broad discovery at this point wasteful and burdensome.

---

[1] *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing case law)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

[2] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297-98).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[4] *Citizens for Objective Public Educ., Inc.*, 2013 WL 6728323, at *1.

Nothing in this order, however, should be read to preclude plaintiff from requesting targeted discovery as contemplated by Fed. R. Civ. P. 56(d). Should plaintiff believe such targeted discovery is necessary to allow him to adequately respond to the dispositive motion, he should file a Rule 56(d) motion for consideration by the presiding U.S. District Judge.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED that defendants' motion to stay discovery (ECF No. 38) is granted. If defendants' motion for summary judgment is denied, **within 14 days** of the decision, the parties shall confer and file a joint motion containing their (joint or respective) proposed amendments to the scheduling order (ECF No. 39).

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a) file written objections to this order by filing a motion to review this order. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

Dated January 31, 2018, at Kansas City, Kansas.

                                                s/ James P. O'Hara
                                               James P. O'Hara
                                               U.S. Magistrate Judge