IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY T. JACKSON,

    Plaintiff,

v.

AMANDA KING and
KEVIN EDWARDS,

    Defendants.

Case No. 15-3183-DDC-JPO

## MEMORANDUM AND ORDER

Pro se plaintiff Anthony T. Jackson[1] has sued defendants Amanda King and Kevin L. Edwards, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter comes before the court on defendants' Motion for Summary Judgment. Doc. 35.

Plaintiff asserts that defendants violated his civil rights during his time as an inmate at the Kansas Department of Corrections' El Dorado Correctional Facility ("EDCF"). Federal statute mandates that an incarcerated person exhaust "administrative remedies as are available" and as defined by the state before filing a claim about prison conditions under federal law. 42 U.S.C. § 1997e(a). The Complaint (Doc. 1) alleges that plaintiff pursued relief through EDCF's administrative grievance process before filing this suit on July 13, 2015. Doc. 1 at 3 (Compl. ¶ B) (reciting "[o]n July 28, 2014 I filed a formal grievance"). Defendants have filed a Motion for Summary Judgment (Doc. 35) seeking dismissal of this lawsuit because plaintiff has failed to

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

1

exhaust all available administrative remedies as the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) requires.

The Complaint (Doc. 1) refers to a formal grievance (Doc. 1-1 at 3-7) dated July 28, 2014, and submitted to EDCF in plaintiff's name. But that grievance did not comply with Kansas regulations and EDCF rules, so it did not trigger the administrative remedy process that an inmate must exhaust before seeking judicial relief. Plaintiff alleges no alternative basis for exhaustion. So, plaintiff has not showed that he met the exhaustion requirement of § 1997e(a) before filing this suit. The court thus grants defendants' Motion for Summary Judgment (Doc. 35). The court explains its ruling in more detail below.

## I.     Plaintiff's Failure to Respond to Defendants' Summary Judgment Motion

On December 18, 2017, defendants filed their Motion for Summary Judgment. Doc. 35. In January 2018, defendants' counsel contacted the court to advise that plaintiff's medical condition likely was preventing him from responding timely to defendants' Motion for Summary Judgment. *See* Doc. 40. So, on January 3, 2018, the court extended plaintiff's deadline for responding to defendants' Motion. *Id.* The court ordered plaintiff to file his response within 21 days of his discharge from his current medical situation. *Id.* Then, on January 11, 2018, plaintiff filed a Motion for Extension of Time to File Response to defendants' Motion for Summary Judgment. Doc. 41. The court granted plaintiff's Motion, in part, extending his response deadline to February 6, 2018. Doc. 43.

Plaintiff never responded by that deadline. On April 5, 2018, the court issued a Notice and Order to Show Cause. Doc. 49. It ordered plaintiff to show cause, in writing by May 7, 2018, why the court should not consider and rule on defendants' Motion as an uncontested one

2

under D. Kan. Rule 7.4(b).  *Id.*  To date, plaintiff has not responded to the court's show cause order or the defendants' summary judgment motion.

Because plaintiff has not responded, the court may "consider and decide the motion as an uncontested motion."  *See* D. Kan. Rule 7.4(b).  In such circumstances, the court ordinarily "will grant the motion without further notice."  *Id.*  But, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Instead, the court must determine whether judgment for defendants is warranted under Federal Rule of Civil Procedure 56.  *Id.*  The court thus considers the merits of defendants' Motion for Summary Judgment below.

But, plaintiff's failure to file a response does waive his right to respond or controvert the facts asserted in defendants' Motion.  *Id.*  The court thus accepts all material facts asserted and properly supported in defendants' Motion as true.  *Id.*

## II. Uncontroverted Facts

Plaintiff is an inmate in the custody of the Kansas Department of Corrections ("KDOC"). He resided at EDCF in El Dorado, Kansas, on the dates of the incidents described in the Complaint.  Defendants are employed by Corizon, LLC at EDCF.  Defendant Amanda King works as a Behavior Health Professional and Central Supervisor.  Defendant Kevin L. Edwards works as a Master Level Psychotherapist and Mental Health Director.  In the Complaint, plaintiff alleges that Ms. King disregarded plaintiff's suicidal thoughts on May 12, 2014, when she failed to stop at his cell.  Plaintiff also alleges that Mr. Edwards failed to train and supervise Ms. King properly about the alleged May 12, 2014 incident.

The Complaint asserts that, on July 28, 2014, plaintiff submitted a formal grievance about his mental health and suicidal thoughts. KDOC received a formal grievance dated July 28, 2014 about the alleged May 12, 2014 incident involving Ms. King and Mr. Edwards' supervisory role over Ms. King. EDCF instructs inmates, including plaintiff, that an inmate who alleges to be aggrieved must write and submit his own administrative grievances. The July 28, 2014 formal grievance appeared to feature the handwriting of someone other than plaintiff.

The suspicious handwriting led EDCF to forward the grievance form to investigators to determine whether the grievance was fraudulent. On July 30, 2014, EDCF requested and plaintiff agreed to extend the grievance response deadline to allow the fraud investigation to proceed. EDCF completed this investigation around June 1, 2017. It found that plaintiff had not written or submitted the July 28, 2014 grievance form. As a result of the investigation's findings, plaintiff's grievance form did not comply with Kansas regulations and EDCF policies. The grievance's non-compliant status released EDCF from any duty to continue its formal consideration. Doc. 36-1 at 2 (Deane Donley Aff. ¶ 9).

### III.     Summary Judgment Standard

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine dispute" about any material fact and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is 'material' 'if under the substantive law it is

essential to the proper disposition of the claim' or defense." *Houser*, 625 F.3d at 1283 (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial [about] those dispositive matters for which it carries the burden of proof." *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Instead, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

**IV.   Analysis**

Defendants assert that plaintiff never exhausted the administrative remedy process of Kan. Admin. Regs. § 44-15-102 as implemented at EDCF. Defendants argue that the PLRA thus bars plaintiff's claim. The court agrees.

5

The Prison Litigation Reform Act ("PLRA") is a federal law that defines how and when incarcerated persons may raise federal civil rights claims. The PLRA mandates that aggrieved inmates exhaust "[a]ll 'available' remedies'" before filing lawsuits under federal law. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citation omitted). Specifically, the PLRA bars inmates from bringing actions "with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)). This requirement is broad in scope, as it applies to "all inmate suits about prison life." *Porter*, 534 U.S. at 532. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock,* 549 U.S. 199, 218 (2007).

Kansas has created a sequential administrative process for inmates in state correctional facilitates to seek relief. Inmates must exhaust every step of the process as a prerequisite to seeking a judicial resolution. State regulations describe these steps:

> [Kansas Administrative Regulations] § 44-15-102 requires an inmate to first seek 'information, advice, or help on any matter' from the inmate's unit team. If the inmate does not receive a response from the unit team within ten days of submission, he may send a grievance report to the warden without unit team signatures. If the inmate receives a response but does not obtain a satisfactory solution to the problem through the informal process within ten days, he may complete an inmate grievance report form and submit it to a staff member to transmit to the warden. If he does not receive a satisfactory response from the warden after filing an appropriate report, the inmate may appeal to the Kansas Secretary of Corrections.

*Smith v. Rudicel*, 123 F. App'x 906, 907 (10th Cir. 2005) (quoting Kan. Admin. Regs. § 44-15-102).

6

The PLRA prevents an inmate from properly filing a federal claim about prison conditions unless "this clearly delineated process of administrative remedy [under Kansas law] has been exhausted." *Id.* EDCF also has adopted internal procedures that govern inmate grievances. Such local rules become features of the administrative remedy process subject to required exhaustion. *Barnett v. Kansas*, No. 16-3008-SAC-DJW, 2016 WL 3618655, at *3 n.4 (D. Kan. July 6, 2016) ("To satisfy this [exhaustion] requirement, a prisoner must fully comply with the institution's grievance procedures") (citing *Jones*, 549 U.S. at 218). EDCF requires that administrative grievances "be written and submitted by the inmate who alleges to be aggrieved." Doc. 36-1 at 2 (Deane Donley Aff. ¶ 6). EDCF educates inmates about both this requirement and EDCF's related practice of investigating for potential fraud any administrative grievances submitted in another inmate's handwriting. *Id.*

Here, the summary judgment facts establish that EDCF received a handwritten inmate grievance form dated July 28, 2014 (Doc. 1-1 at 3). The form named plaintiff as its aggrieved author, but prison officials found it contained suspicious penmanship. Suspecting fraud, EDCF staff forwarded the written grievance to the facility's investigators. Their investigation found that plaintiff did not author or submit the grievance form. EDCF thus concluded that neither plaintiff nor the document's true author properly submitted a valid grievance. The fraudulent form failed to constitute any step of the formal administrative remedy processes defined in Kan. Admin. Regs. § 44-15-102 and implemented at EDCF.

Yet, plaintiff knew how to invoke the grievance process. He had engaged EDCF's administrative remedy process before the July 2014 fraud episode. Plaintiff's earlier efforts include submitting grievances and appeals in 2013 (Doc. 1-1 at 22–26). But, these actions failed to exhaust any administrative remedies linked to the claims at issue here. The current Complaint

7

(Doc. 1) asserts that the alleged constitutional violations occurred on May 12, 2014, or later, many months after plaintiff's 2013 grievances (Doc. 1 at 4 (Compl. ¶ 1)).  Naturally, earlier grievances stemming from alleged 2012 incidents cannot discharge the exhaustion requirement for the separate alleged 2014 incidents of this case.

Plaintiff does not assert that he filed any other formal grievances in response to defendants' alleged 2014 conduct that the Complaint (Doc. 1) describes.  So, no reasonable jury could conclude from this summary judgment record that plaintiff exhausted the administrative remedies which might have resolved the alleged conditions or civil rights violations that motivated this lawsuit.  Federal statute demands that plaintiff exhaust administrative remedies before filing a § 1983 claim.  42 U.S.C. § 1997e(a).  Plaintiff's failure to exhaust bars this suit.  The court thus grants defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED THAT** defendants' Motion for Summary Judgment (Doc. 35) is granted.

**IT IS SO ORDERED.**

**Dated this 8th day of June, 2018, at Topeka, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**